IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FRANK CHAPMAN, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF JONATHAN CHAPMAN, DECEASED, | § § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 9:24-CV-00116 |
| VS. | § § | JUDGE MICHAEL J. TRUNCALE |
| BURKE CENTER, | § § | |
| *Defendant.* | § | |

**ORDER DENYING AS MOOT DEFENDANT BURKE CENTER'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Before the Court is Defendant Burke Center's Motion to Dismiss Second Amended Complaint. [Dkt. 62]. After considering Defendant's motion and reviewing the pleadings on file and all applicable law, the Court **DENIES** the same as moot.

## I. BACKGROUND

Plaintiff filed his Original Complaint on June 28, 2024 [Dkt. 1], his First Amended Complaint on July 2, 2024 [Dkt. 4], and his *Sealed* Second Amended Complaint on January 31, 2025 [Dkt. 51]. Thereafter, on March 17, 2025, Defendant filed its Motion to Dismiss Plaintiff's Second Amended Complaint. [Dkt. 62]. Subsequent to Defendant's filing the present motion, Plaintiff filed his *Sealed* Third Amended Complaint [Dkt. 64] on March 31, 2025, thereby rendering Defendant's motion moot.[1]

## II. DISCUSSION

A complaint amended pursuant to Federal Rule of Civil Procedure 15(a) supersedes the pleading it modifies. FED. R. CIV. P. 15(a); *Pac. Bell Tel. Co. v. linkLine Commc'ns., Inc.*, 555 U.S.

[1] Plaintiff's Response to the pending motion exclusively cites to the Third Amended Complaint. To the Court, this shows that there is a material difference between the Second Amended Complaint and the Third Amended Complaint.

438, 456 n.4 (2009) (citation omitted); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (citations omitted). "Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ." 6 Charles A. Wright et al., *Federal Practice and Procedure* § 1476 (4th ed.) (footnote omitted); *see also Wilson v. Birnberg*, 569 F. App'x 343, 348 (5th Cir. 2014) (citation omitted); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citations omitted). In fact, "if the first complaint is considered superseded by the amendment, the court is not required to dismiss the suit when a motion points up the weaknesses of the earlier pleading." 6 Wright et al., *supra*, § 1476. Nonetheless, if the defects in the original pleading remain in the new pleading, "the court simply may consider the motion as being addressed to the amended pleading." *Id.* (footnote omitted); *see also Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir. 2018) (footnote omitted); *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) (citation omitted).

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Burke Center's Motion to Dismiss Second Amended Complaint [Dkt. 62] is hereby **DENIED AS MOOT**.[2]

**SIGNED this 4th day of April, 2025.**

Michael J. Truncale
United States District Judge

[2] This is the most efficient course of action. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (stating that district courts have "the inherent authority to manage their dockets . . . with a view toward the efficient and expedient resolution of cases."). The Court also notes that the dispositive motions deadline in this matter is a ways off. *See* [Dkt. 60 at 2 (indicating that the Parties have until October 24, 2025 to file dispositive motions)].