# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2025

Lyle W. Cayce
Clerk

No. 25-40114

FRANK CHAPMAN, *individually and on behalf of the estate of his son*,
JONATHAN CHAPMAN, *deceased*,

*Plaintiff—Appellant*,

*versus*

JENNIE WEISINGER,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:24-CV-116

## UNPUBLISHED ORDER

Before STEWART, HAYNES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). In this civil rights case, on February 6, 2025, the district court dismissed one defendant but left the remaining defendant in the case. Plaintiff filed a notice of appeal from that order.

No. 25-40114

We have jurisdiction over appeals from final decisions of the district courts. 28 U.S.C. § 1291. Where an action involves multiple parties or claims, as in this case, an order dismissing some of the claims or defendants is final for appellate purposes only if the district court has made an express determination that there is no just reason for delay and an express direction for the entry of judgment, *see* Fed. R. Civ. P. 54(b), or certifies the case for immediate appeal pursuant to 28 U.S.C. § 1292(b). Here, the district court dismissed one defendant but left the claims against the remaining defendant pending. It did not enter the certification required by either Rule 54(b) or § 1292(b). Thus, the notice of appeal filed before all claims and all parties were disposed of is premature. We are without jurisdiction over this appeal and it must be dismissed. *See Borne v. A&P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133 (5th Cir. 1985).

Accordingly, the appeal is DISMISSED for lack of jurisdiction.



**Certified as a true copy and issued
as the mandate on Jun 12, 2025**

**Attest:**

**Clerk, U.S. Court of Appeals, Fifth Circuit**